UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
JUN 2 3 2026
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| SHEMAR BRADSHAW, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. __________ |
| | § | |
| CITY OF HOUSTON; DETECTIVE | § | |
| KEN NEALY; OFFICER GOMEZ; | § | |
| OFFICER K. CUCCI, | § | |
| Defendants. | § | |

PLAINTIFF'S COMPLAINT AND JURY DEMAND

1. Plaintiff brings this civil-rights action under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights.

2. Plaintiff seeks compensatory damages of $4,200,000 and punitive damages of $45,000 against Detective Nealy.

## I. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper under 28 U.S.C. § 1391(b) because all events occurred in Houston.

## II. PARTIES

5. Plaintiff Shemar Bradshaw is a resident of Denton County, Texas.

6. Defendant City of Houston is a municipal entity subject to suit under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

7. Defendants Nealy, Gomez, and Cucci were HPD officers acting under color of state law.

## III. FACTUAL ALLEGATIONS

8. On June 28, 2024, Plaintiff was lawfully driving in Houston, Texas.

9. Plaintiff committed no traffic violation. Officers lacked reasonable suspicion or probable cause to stop him. Terry v. Ohio, 392 U.S. 1 (1968).

10. Officers Gomez and Cucci initiated a traffic stop without legal justification.

11. Officers approached Plaintiff's vehicle with guns drawn, constituting excessive force under Graham v. Connor, 490 U.S. 386 (1989).

12. Plaintiff complied fully with all commands.

13. Plaintiff asked officers why he was being arrested and detained.

14. Officers told Plaintiff he had "a hold on him by the detective" and that he would remain detained until the detective arrived.

15. No warrant, probable cause, or articulable suspicion was provided.

16. Detective Nealy arrived and immediately took control of the encounter.

17. Nealy seized Plaintiff's firearms from his vehicle.

18. Plaintiff lawfully possessed the firearms under Texas law.

19. Officers Gomez and Cucci confirmed the firearms "came back clean."

20. Nealy seized the firearms without a warrant, without consent, without probable cause, and without any legal basis.

21. Mere possession of allegedly stolen property does NOT create reasonable suspicion that the possessor committed theft. United States v. Brown, 448 F.3d 239, 247 (3d Cir. 2006).

22. Reasonable suspicion requires specific, articulable facts—not assumptions or hunches. United States v. Cortez, 449 U.S. 411 (1981).

23. Officers lacked any such facts.

24. Plaintiff was detained for an extended period without legal justification, violating the Fourth Amendment.

25. Officers retained Plaintiff's firearms without due process, violating the Fourteenth Amendment and Fuentes v. Shevin, 407 U.S. 67 (1972).

26. Plaintiff suffered emotional distress, humiliation, and psychological trauma.

27. The City of Houston maintained customs, practices, or policies that were the moving force behind the violations. Monell, 436 U.S. 658.

28. HPD has a pattern of unconstitutional stops, seizures, and excessive force, demonstrating deliberate indifference. City of Canton v. Harris, 489 U.S. 378 (1989).

29. Defendants acted intentionally, recklessly, and with callous disregard for Plaintiff's rights.

## IV. CAUSES OF ACTION

### COUNT 1 — Fourth Amendment Unlawful Seizure

30. Defendants lacked reasonable suspicion or probable cause to stop or detain Plaintiff. Brignoni-Ponce, 422 U.S. 873 (1975).

### COUNT 2 — Excessive Force

31. Pointing guns at a compliant, non-threatening person constitutes excessive force. Holland v. Harrington, 268 F.3d 1179 (10th Cir. 2001).

### COUNT 3 — Unlawful Search and Seizure of Firearms

32. Nealy seized Plaintiff's firearms without a warrant or probable cause.

COUNT 4 — Fourteenth Amendment Due Process

33. Retaining Plaintiff's firearms without process violated due process.

COUNT 5 — Monell Liability Against City of Houston

34. The City's policies, customs, and failure to train were the moving force behind the violations. Monell; City of Canton.

COUNT 6 — Supervisory Liability (Nealy)

35. Nealy personally participated in and directed the violations.

COUNT 7 — Violation of Texas Second Amendment Sanctuary Act

36. Texas Government Code § 2.052 prohibits state agencies and their employees from assisting in the enforcement of federal firearm regulations that are more restrictive than Texas law.

37. Plaintiff lawfully possessed a firearm equipped with a stabilizing brace under Texas law.

38. Detective Nealy seized Plaintiff's firearm with a stabilizing brace and stated that HPD would turn the firearm over to the ATF.

39. By cooperating with the ATF and enforcing federal firearm regulations that are more restrictive than Texas law, Detective Nealy violated Tex. Gov't Code § 2.052.

40. HPD's policy or custom of turning over firearms with stabilizing braces to the ATF constitutes unlawful enforcement activity prohibited by the statute.

41. Plaintiff suffered loss of property, emotional distress, and constitutional injury as a result of this unlawful cooperation.

V. CLEARLY ESTABLISHED LAW

42. The constitutional rights violated in this case were clearly established at the time of the incident, and no reasonable officer could have believed the conduct described herein was lawful.

43. Officers may not detain a person without reasonable suspicion supported by specific, articulable facts. Terry; Brignoni-Ponce.

44. Mere possession of allegedly stolen property does not create reasonable suspicion of theft. Brown, 448 F.3d at 247.

45. Officers may not seize property without a warrant or probable cause. Soldal, 506 U.S. 56.

46. Officers may not retain property without due process. Fuentes, 407 U.S. 67.

47. Defendants' conduct was objectively unreasonable in light of clearly established law.

VI. DAMAGES

48. Plaintiff seeks $4,200,000 in compensatory damages.

49. Plaintiff seeks $45,000 in punitive damages against Detective Nealy.

## VII. JURY DEMAND

50. Plaintiff demands a jury trial.

## VIII. PRAYER FOR RELIEF

51. Plaintiff requests:

a. Compensatory damages of $4,200,000;

b. Punitive damages of $45,000 against Nealy;

c. Attorney's fees under 42 U.S.C. § 1988;

d. Costs of suit;

e. All other relief the Court deems just and proper.

Respectfully submitted,

______________________________

SHEMAR BRADSHAW, Plaintiff
1313 silver ln Aubrey, tx, 76227
shemarbradshaw8275@gmail.com
682-410-1644